**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BRIAN A. CLARKE | |
| DELANO DORSAINT | |
| DAVID POUNCY III | |
| MATILDA A. ACQUAYE | |
| HARRY E. AGUILAR | |
| RACHID AITOUMGHAR | |
| TIARA M. ALEXANDER | |
| ADAM N. ALGHAITHY | |
| RICARDO M. ALVEAR | |
| CORIE S. ANDERSON | Case No. _____ |
| ALIX ANTOINE | |
| RYAN ARBOLEDA | (Jury Trial Demanded) |
| CHARLES J. ARGENTO | |
| SALVATORE P. ASARO | |
| SHARAJOY R. AYA | |
| DANIEL P. BADOLATO | |
| MALEIK M. BAKER | |
| NATHAN L. BANKS | |
| JULIO BATISTA | |
| NADILYN L. BEATO | |
| CHRISTOPHER J. BENNETT | |
| LEOPOLD A. BENNETT | |
| ROBERT J. BENNETT | |
| JOSEPH F. BILELLA | |
| KENNETH BLACKWELL | |
| MEGAN F. BLAGDEN | |
| FERNANDO BLANCO | |
| ERIC J. BOCHNAK | |
| FRANKLIN BODERO | |
| GARY J. BONANEY | |
| ROBERT C. BRADFIELD | |
| NICOLE BREWER | |
| CHRISTOPHER I. BRISTOLE | |
| LEWIS BRISTOLE | |
| ALEXANDER P. BROWER | |
| RONALD K. BROWN | |
| BARBRA BRUSH | |
| STEVEN B. BUDDENHAGEN | |

DENNIS L. BURNS
LOUIS A. BURNS
CHRISTOPHER I. BURTON
JEFFREY CABRERA
DAVID A. CALDERON
ADRIANA M. CAMINERO
WILFREDO CARABALLO
WASHINGTON G. CARDENAS
JESSICA CARRERO
MICHELLE A. CATANIA
CARLOS A. CEVILLE
ANIL CHANDRAKUMAR
CONNOR Y. CHOW
DAVID CHOY
EVA COCOLI
FERDINAND J. COLLAZO
CARLTON L. CONHEIM
JERRY CORDERO
AXELL R. COREA REYES
JESSICA N. COWAN
MICHAEL J. CRIMI
JOSEPH C. CZEISEL
JOHN P. DAMOUR
BOBBY L. DAVIS JR.
CHRISTIAN DE LOS SANTOS
REYNELL S. DE LOS SANTOS
LOUIE DELVALLE
FRANK A. DEMARIA
ANTHONY L. DENICOLA
EDWARD D. DENNIHY-BAILEY
CHRISTOPHER I. DENTON
DYLAN P. DI LUCCIO
CHARLES A. DICKSON
NATALIA R. DIFRANCESCO
DARRYL Y. DIMANCHE
BRANDIN R. DIXON
NATALYA N. DIXON
MICHERLY DORCELY
LEONARD I. DUTAN
TANYA D. EASTMAN
OREOFE O. EGBERONGBE

VANESSA A. EMANUEL
CYNTHIA ESPADA
IAN A. EVANS
HAYDEE M. FAJARDO
IYABODE M. FASASI
SONIA T. FELDER
ANGEL M. FIGUEROA
MICHAEL A. FINLEY
RICHARD A. FLYNN
GIOVANNI E. FRANCO
GLORIA I. GARCIA
LEONEL GARCIA
JUSTIN S. GARGIULO
STEVE GAUVY
STEVEN R. GAZINSKI
PHILLIP J. GENITI
LUIS M. GIL
ALYSSA S. GONZALEZ
DIANNE GONZALEZ
YOJANA J. GONZALEZ
RAYMOND GRANBY
EUSI K. GRANNUM
ABUBAKAR K. GRANT
CLIVE W. GRIFFITHS II
JOSE L. GUARTAN
KEASHIA F. GUY
GARY GUZMAN
MARCO A. GUZMAN
ZIYHANI N. HAMILTON
MAURICE HARRIS
ANTWAN A. HAYES
JONATHAN R. HENGBER
KENESHA A. HENRY
SACHEEN HENRY
MARLON HINKSON
BRIAN C. HOLEC
SPYRIDON P. HORMOVAS
CLAIR M. HOWE
KAITLYN M. HURD
WILLIAM J. HURLEY
TAREQUE INAN

LOVELL J. IVORY
BERNICE JACKSON
CHRISTOPHER C. JACKSON
ERWIN F. JALBUNA
KENDALL A. JAMES
LAWRENCE K. JAMES JR.
LEANN M. JARVIS
LIANGYI JIANG
ANTHONY F. JIMENEZ
SHAWN S. JOHNSON
UNIQUE S. JOHNSON
WILLIAM R. JOHNSON
ABRIA S. JONES
DANASIA L. JONES
MONIQUE S. JONES
BARTHEL JOSEPH
SUNIL JOSHI
LINDSAY A. JURGIELEWICZ
NICOLLETTE KACZMAREK
ANGELICA KAGANOVSKY
MONICA C. KELLY
ILIYASU U. KENCHI
SHANE A. KESNIG
GHANIM A. KHALIL
AMEER H. KHAN
NAIMUL H. KHONDAKER
CHEHYONG KIM
ALEXANDERIA E. KIZER
DESSIE R. KOGER
ISSAKA KOUDOUGOU
JONATHAN F. KOVACS
LYUDMILA A. KRAVTSOVA
NICOLE L. KULPOWSKY
EMALIA LA ROCHE
ARMAND LABOY
BRANDON M. LAEZZA
ZURIEL LARA
NATALIE A. LATIBEAUDIERE
LUIS A. LEBRON
BRYANT G. LEE
LAQUINN M. LEE

KWESI D. LETREN
NICHOLAS LETTERESE
JENNA V. LEVENDOSKY
NATASHA M. LEWIS
SEUNGCHAN LIM
BRIAN LIN
NICHOLAS LUGO
KAYLA N. MACKEY
ROBERT M. MADERA
STEVE MALDONADO
JOHN A. MARCHETTA
ROBERT MARIANI JR.
JAMES D. MARSHALL
JAY B. MARTINELLO
YADALIS MARTINEZ
MICHELE C. MASON
ROBERT J. MASTRIANNI
DIALLO R. MCCLAMMY
TAMEA A. MCINTOSH
ALTAGRACIA A. MEDINA
JEAN S. MEDINA
VICTORIA A. MEZIK
DANIEL R. MICHEL
VICTORIA MINUTILLO
DAVINDRA MOHABIR
CURTIS S. MOORE
NINA J. MORALES
TYREEK D. MORRIS
LAVARR R. MOSES
MICHELLE M. MOSHON
JAIME A. MOWATT
SANTIAGO MUINO
ANTHONY L. MURILLO
ATHEN G. MURRAY
TERESA L. NADEEM
MIGUEL A. NAPOLEONI
BRANDON J. NAZARIO
NOELLE A. NEWMAN
IAN D. NIEVES
JENNEL K. NOEL
TREVOR K. NORMAN

JORDAN NUNEZ
JUSTIN V. OJEA
KATHERINE L. ORTIZ
KWANE A. OUTRAM
ANA D. OVANDO-VALENZUELA
CYNTHIA A. PACE
KERMYT PADILLA
DIEGO M. PANTOJA
WOO SUNG PARK
LUIS I. PASUIZACA
MICHAEL A. PATTERSON
DESTINY B. PAYNE
KASHA E. PAZDAR
MARA E. PENDERGRASS
LUCAS E. PETRELLO
ANTHONY M. PETTY
AQUILLE A. PIERRE
CAMEREN A. PIKE
MARLENA I. POELZ-GIGA
WILSON J. PORTALATIN
ALEX J. PRESSMAN
VENIA L. QUATTLEBAUM
OMESH O. RAMDHANIE
JOYCE P. RAMIREZ
MARCUS RAMOS
RICHARD D. RAMOS
ELOISA C. REYES
FRANK J. RICOTTA JR.
JOSE L. RIVERA
JAMES E. ROBINSON
LEVAR ROBINSON
JEFFREY R. ROCHE
BRIAN M. RODRIGUEZ
LEANNA M. RODRIGUEZ
KELLY ROMERO
HOMMY ROSA TORRES
REGINA N. RUSSELL DAVENPORT
YACINTHE S. SAINT PIERRE
GEORGE T. SALCEDO
CONRAD S. SCHATZ
AMANDA J. SEAQUIST

ROBERTO S. SEEMUNGAL
GERMAIN SELBY
JOEL SEMANDUY
CARLOS O. SEMIDEY JR.
CAROLYN A. SHAIR
CARLY L. SHEINBERG
LUKE D. SHIELDS
HERALD F. SILVA
WINTER A. SIMS
MANJIT SINGH
MAX N. SOO
ANACELIA SOTO
SEAN SPENCER
PHUCHONG SRISURO
MORGAN S. STARLIGHT
ARTHUR C. STEWART
GERALDINE STROUD
ATIYA Z. SUTTON
STEPHANIE TAVERAS
MICHAEL J. TERRANOVA
MARIO H. THOMPSON
SARA M. THOMPSON
DESIREE TOBIN
KEITH A. TOFTE
ANGELA M. TORRES
WILSON L. TORRES
ZORAIDA TORRES
RISHEIN N. TRAMMELL
ARMAND J. TROCHE
KAYLA A. TUCKER
ROBERTO VALLE
JEFFREY M. VANDERVENNET
GABRIEL J. VAZQUEZ
RICKY VAZQUEZ
MATEO VELEZ
JUDITH A. VELOSKY
JAMES S. VELTRI
SUSANA M. VILLEGAS
DAVID VOLCY
PHILLIP D. VOLCY
REYNA WANG

WILLIAM A. WARD
TOSHONIE I. WARNER
VICTOR V. WATSON
STANISLAUS P. WEBSTER
LEONIDAS A. WELLS
IRENA E. WERNER
MICHAEL J. WHITTEN
ROBIN R. WICKERT
CHARLES WIGFALL
DENYEA T. WILCOX
SHARIF S. WILLIAMSON
IMARI J. WILLIS
CHRISTOPHER T. WOOD
HORACE H. WOODROFFE
MATTHEW W. WOTIPKA
NICHOLAS J. WYANT
DAVINA R. YANCEY
KLERON L. YARDE
JOSHUA J. YOUNG
OWEN YUN, and all others similarly situated,

   Plaintiffs,

v.

CITY OF NEW YORK,

   Defendant.

## **COMPLAINT**

 Plaintiffs, by and through their counsel, the law firms of McGillivary Steele Elkin LLP and Spivak Lipton LLP, f for their Complaint against the City of New York ("City") state as follows:

### **INTRODUCTION**

 1. Plaintiffs are current and former employees of the Defendant, City of New York, in the positions of Urban Park Ranger, Associate Urban Park Ranger, and/or Associate Park

Service Worker in the Department of Parks and Recreation. Plaintiffs bring this action against Defendant for back pay, liquidated damages, attorneys' fees and costs, and other relief pursuant to 29 U.S.C. § 207, 29 U.S.C. § 216(b), and 28 U.S.C. § 1331 to remedy the Defendant's willful and unlawful violations of federal law complained of herein.

2.      Plaintiffs bring this action against Defendant as a collective action in accordance with 29 U.S.C. § 216(b) of the Fair Labor Standards Act (FLSA) because of Defendant's unlawful deprivation of Plaintiffs' right to overtime compensation in accordance with the FLSA. The Plaintiffs are similarly situated to each other because they have been subject to the same policies and/or practices that violate the FLSA whereby the Defendant suffered or permitted Plaintiffs to perform uncompensated overtime work because such work was not pre-approved. Plaintiffs are also similarly situated to each other because they have been subject to the same policies and/or practices that violate the FLSA whereby the Defendant fails to properly calculate the regular rate of pay upon which Plaintiffs' overtime rate is based and fails to pay overtime compensation in a timely manner.

**PARTIES**

3.      All Plaintiffs listed in Exhibit A have given their written consent to be Party-Plaintiffs in this action pursuant to 29 U.S.C. § 216(b). The written consent forms attached as Exhibit A set forth each Plaintiff's name and address.

4.      Each of the Plaintiffs in this action, while employed by Defendant has been an "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

5.      Defendant City of New York is, among other things, a juridical entity amenable to suit under the FLSA in that it is, and was at all times material hereto, a public agency and "employer" within the meaning of Section 3(x) of the FLSA, 29 U.S.C. § 203(x). The City of New

York has a principal office and place of business located at Broadway and Park Row, New York, New York, 10007, and may be served with process by serving the Office of Corporation Counsel, 100 Church Street, New York, 10007.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

7.      Venue is proper in this district pursuant to 28 U.S.C. § 1391.

## FACTS

8.      Plaintiffs are, and have been at all times material, employed by Defendant in the positions of Urban Parks Ranger (UPR), Associate Urban Parks Ranger (AUPR) and/or Associate Park Service Worker (APSW) in the City's Department of Parks and Recreation (DPR).

9.      For example, at all times material herein, Plaintiff David Pouncy has worked for Defendant as a UPR and has been assigned to Brooklyn Bridge Park. At all times material, Plaintiff Brian Clarke has worked for Defendant as an APSW and has been assigned to Prospect Park. At all times material, Plaintiff Delano Dorsaint has worked for Defendant as an AUPR and has been assigned to Flushing Meadows Corona Park.

10.     Within the last three years and continuing to date, while working in the positions of UPR and AUPR, the job duties of Plaintiffs Pouncy, Dorsaint, and all others similarly situated include but are not limited to: opening, closing and patrolling New York City parks, issuing

summonses and citations, making arrests, noting violations of laws, rules and regulations, and answering visitor questions.

11.     Within the last three years and continuing to date, while working in the position of APSW, the job duties of Plaintiff Clarke and all others similarly situated include but are not limited to: driving commercial vehicles including passenger vans and garbage trucks to transport crews to and from park locations; overseeing the cleaning and servicing of parks by removing trash including broken bottles and needles, cleaning bathrooms, and removing leaves; cleaning and servicing the parks; picking up garbage and dumping garbage from the garbage truck; and communicating with visitors at the parks.

12.     While working as a UPR, AUPR and/or APSW, Plaintiffs and all others similarly situated are regularly scheduled to work 40 hours a week. They are regularly scheduled to work five days a week and to work eight and one-half hour shifts with a one-half hour uncompensated meal period each day. However, Plaintiffs routinely work hours in addition to their regularly scheduled 40 hour shifts such that they work overtime over 40 hours in a workweek. However, the City fails to compensate Plaintiffs and all others similarly situated for all hours worked in excess of 40 in a workweek at a rate of one and one-half times their regular rate of pay. Specifically, the City fails to compensate Plaintiffs and all others similarly situated for hours worked outside of and in addition to their scheduled shifts and work performed during their 30-minute unpaid meal periods.

13.     While working as an UPR, AUPR, and/or APSW, Plaintiffs and all others similarly situated may be compensated for hours worked over 40 in a workweek *if* the overtime hours were pre-approved by Defendant. However, when the City compensates Plaintiffs and all others

similarly situated for overtime hours that were pre-approved, the City systemically fails to pay Plaintiffs and all others similarly situated for this overtime work at the correct regular rate of pay.

14.    Defendant captures the work hours of UPRs, AUPRs, and APSWs, including time spent working outside of and in addition to their scheduled shifts on the Defendant's timekeeping system, "CityTime," which is maintained and accessible at Plaintiffs' work locations. Time which is recorded but worked outside Plaintiffs' scheduled shifts is categorized as "uncompensated time" in the CityTime system, and Plaintiffs are not paid for that time even though, as explained below, the City suffered or permitted them to perform uncompensated overtime work during that time. In addition, CityTime automatically deducts one-half hour (30 minutes) each day for Plaintiffs' uncompensated meal periods regardless of whether or not the Plaintiffs work through all or part of their uncompensated meal period and categorizes this time as "uncompensated."

### *Defendant's Fair Labor Standards Act Violations Are Willful*

15.    CityTime tracks Plaintiffs' work time on a minute-by-minute basis. However, Defendant does not pay UPRs, AUPRs, and APSWs on a minute-by-minute basis. This is because when the Defendant programmed and implemented CityTime, it chose to utilize a "pay-to-schedule" system (i.e., one that, by default, pays employees for their scheduled work hours) rather than a "pay-to-punch" system (i.e., one that, by default, pays employees for all the time between punch in and punch out).

16.    Upon information and belief, Defendant failed to conduct an audit or otherwise investigate any of the work minutes captured by CityTime as "uncompensated" time, including

but not limited to what UPRs, AUPRs, and APSWs are doing during that recorded but unpaid time, and the work tasks performed during the unpaid meal period time.

17.    Plaintiffs' timekeeping and payroll data is in Defendant's exclusive possession and is not readily available to Plaintiffs. Plaintiffs' CityTime records and payroll data are not readily available to Plaintiffs and other UPRs, AUPRs and APSWs, because they are "maintained across various [agency] branches, not available for download or electronic transfer, not text-searchable, not maintained for more than two years, and requires a separate search for each pay period." *Murray, et al. v. City of New York*, No. 1:16-cv-08072-PKC, Dkt. 66 (S.D.N.Y. Oct. 18, 2017) at 3.

18.    Upon information and belief, Defendant failed to seek advice from the United States Department of Labor regarding whether its pay policies and practices comply with the FLSA.

19.    The Defendant is well aware of its obligation to pay employees for overtime work which is suffered or permitted, even if employees do not make a request for overtime compensation for that work or if that time is not pre-approved by Plaintiffs' superiors. *See, e.g., Foster v. City of New York,* 2017 U.S. Dist. LEXIS 227758 (S.D.N.Y. Sept. 30, 2017) (granting summary judgment for plaintiff New York City employees on FLSA claims that they worked uncompensated overtime about which their managers were aware, despite required use of the CityTime system); *De La Cruz v. City of New York,* 2017 U.S. Dist. LEXIS 227758 (S.D.N.Y. Sept. 30, 2017) (same); *Perez v. City of New York,* 2017 U.S. Dist. LEXIS 159473 (S.D.N.Y. Sept. 27, 2017) (denying summary judgment to City on defense to FLSA liability based on claim that AUPRs failed to "report" overtime on the CityTime system where "ample record evidence" demonstrated that the City knew or had reason to know plaintiffs were working unreported overtime hours). In fact, the former New

York City Corporation Counsel has admitted, under oath, that it is an employer's responsibility to ensure that employees get paid for work about which the employer is aware. *See Perry v. City of New York,* Case No. 1:13-cv-1015 (S.D.N.Y.), Dkt. 181 (Trial Transcript of Georgia M. Pestana October 16, 2019) at 969-70. However, at all times relevant, Defendant has failed and continues to fail to compensate Plaintiffs and those similarly situated for overtime work which is performed with their supervisors' knowledge and recorded on the CityTime system or during the uncompensated auto-deducted meal period but for which no corresponding overtime request is submitted or because such time was not pre-approved.

20.    In 2012, individuals employed by the Defendant in the position of AUPR, including but not limited to numerous individuals who are Plaintiffs in this case, brought suit against Defendant seeking compensation for pre-shift, post-shift, and meal period work in accordance with the FLSA. *See Perez v. City of New York,* Case No. 12 Civ. 4914 (PAE). Since the filing of the *Perez* lawsuit, and in the time since the case resolved through settlement in January 2018, Defendant has failed to take steps to bring its pay policies and practices with respect to employees of the DPR into compliance with the FLSA.

21.    Upon information and belief, Defendant has not disciplined any UPR, AUPR, or APSW for performing unpaid pre-shift, post-shift, or meal period overtime work.

### ***Uncompensated Work Performed by Plaintiffs and All Others Similarly Situated***

22.    While working as UPRs, AUPRs, and/or APSWs, Plaintiffs and all others similarly situated routinely work over 40 hours a week. Plaintiffs are scheduled for five shifts of eight hours and thirty minutes (8.5 hours) in length each week. Thirty minutes is automatically deducted from each shift as an uncompensated meal period. Thus, Plaintiffs and all others similarly situated are scheduled to perform a minimum of 40 hours of work per workweek.

23.     Plaintiffs and all others similarly situated frequently work overtime in addition to their regular 40 hours of work per week performing their regular job duties for which they are not compensated. Specifically, they routinely work additional hours outside of and in addition to their regularly scheduled shifts and during their unpaid meal periods, all without compensation. This work outside of and in addition to their scheduled shifts and work during their uncompensated meal periods causes Plaintiffs and all others similarly situated to work in excess of 40 hours in each week because they are scheduled to work 40 hours per workweek even without this additional overtime. As such, Plaintiffs and all others similarly situated regularly work additional uncompensated hours which are in excess of 40 in a workweek.

24.     Plaintiffs and all others similarly situated work outside of their official scheduled shifts. Such work includes, but is not limited to, the tasks listed in Paragraphs 10 and 11. Plaintiffs in the positions of UPR and AUPR also perform tasks outside of their scheduled shifts including, but not limited to, updating their required memo books, inspecting their equipment in advance of roll call, checking work-related emails, speaking to colleagues about work assignments, preparing paperwork, and other work activities. Plaintiffs in the position of APSW also perform work tasks outside of their scheduled shifts including, but not limited to, obtaining keys and vehicles, completing pre-trip inspections of vehicles, checking in with a supervisor to learn the assigned routes and crew for that shift, and cleaning the vehicles.

25.     Plaintiffs and all others similarly situated work during some or all of their 30-minute unpaid meal periods performing their regular job duties (i.e., the tasks listed in Paragraphs 10 and 11) and remain "on call" and ready to respond as needed, but Plaintiffs are not compensated for this work time.

26.     For example, Plaintiff Pouncy (UPR) routinely works over 40 hours in a workweek. When Plaintiff Pouncy works over 40 hours, Defendant fails to compensate him for all of his work time, including but not limited to time spent performing tasks enumerated in Paragraphs 10, 24, and 25, before and after his scheduled shift of 8.5 hours., and during his unpaid 30-minute meal period. Specifically, while assigned to a scheduled shift of 10:30 am to 7:00 pm, Plaintiff Pouncy routinely arrives approximately 45 minutes prior to the start of his scheduled shift and begins performing work tasks. In addition, Plaintiff Pouncy works through his meal period approximately 2 to 4 times per week, performing the duties listed in Paragraphs 10, 24 and 25. Thus, Plaintiff Pouncy is not compensated for at least 4 hours and 45 minutes and as much as 6 hours and 45 minutes, approximately, of additional overtime work beyond his scheduled shift per week.

27.     For example, Plaintiff Clarke (APSW) routinely works over 40 hours in a workweek. When Plaintiff Clarke works over 40 hours, Defendant fails to compensate him for all of his work time, including but not limited to time spent performing tasks enumerated in Paragraphs 11, 24, and 25 before and after his scheduled of 8.5 hours, and during his unpaid 30-minute meal period. Specifically, while assigned to a scheduled shift of 7:00 am to 3:30 pm, Plaintiff Clarke routinely arrives approximately 15-30 minutes prior to the start of his scheduled shift and begins performing work tasks. In addition, Plaintiff Clarke works through his meal period approximately 2 times per week, performing the duties listed in Paragraphs 11, 24, and 25. Thus, Plaintiff Clarke is not compensated for at least 2 hours and 15 minutes and as much as 3 hours and 30 minutes, approximately, of additional overtime work beyond his scheduled shift per week.

28.     For example, Plaintiff Dorsaint (AUPR) routinely works over 40 hours in a workweek. When Plaintiff Dorsaint works over 40 hours, Defendant fails to compensate him for all of his work time, including but not limited to time spent performing tasks enumerated in

Paragraphs 10, 24, and 25 before and after his scheduled shift of 8.5 hours, and during his unpaid 30-minute meal period. Specifically, while assigned to a scheduled shift of 3:30 pm to 12:00 am, Plaintiff Dorsaint routinely arrives approximately 30 minutes prior to the start of his scheduled shift and begins performing work tasks. In addition, Plaintiff Dorsaint works through his meal period approximately 2-3 times per week, performing the duties listed in Paragraphs 10, 24 and 25. Thus, Plaintiff Dorsaint is not compensated for at least 3 hours and 30 minutes and as much as 4 hours, approximately, of additional overtime work beyond his scheduled shift per week.

29.     All UPRs, AUPRs, and APSWs employed by Defendant are similarly situated and routinely work more than 40 hours in a workweek but are denied proper compensation for hours worked in excess of 40 because Defendant fails to compensate UPRs, AUPRs, and APSWs for work performed outside the paid shift, and meal period work. In addition to the examples set forth in Paragraphs 26-28, the amount of uncompensated overtime work hours outside the scheduled shifts for which Plaintiffs and those similarly situated have not been paid can be identified through the Defendant's timekeeping system and through other work and pay records.

### ***The Rate at Which Overtime is Paid to Plaintiffs and All Others Similarly Situated***

30.     While working as UPRs, AUPRs, and/or APSWs during the last three years, Plaintiffs and all others similarly situated have received certain differential payments for their work, including but not limited to night shift differentials and/or vehicle differentials. These payments are made pursuant to Agency-wide policy, and/or collective bargaining agreements, and thus they are paid to Plaintiffs and all other similarly situated. However, Defendant fails to include these payments in the regular rate of pay for purposes of calculating overtime payments owed to Plaintiffs.

31.     The City engages in a systemic policy or practice of excluding night shift differential and/or vehicle differentials from the regular rate of pay when employees earn night shift and/or vehicle differentials in the same week that they perform and are paid for approved overtime work. The failure to include these payments in Plaintiffs' regular rate means that when Plaintiffs receive paid overtime for working over 40 hours a week, they are paid at a rate that is below the rate mandated by the FLSA. Defendant has a history of excluding night shift differential pay and vehicle differential pay from employees' regular rate when the employee has worked a shift with a premium pay differential and overtime in the same week. *See, e.g., Foster, et. al. v. City of New York,* Case No. 14-cv-4142-PGG (S.D.N.Y.), Dkt. 153*; De La Cruz v. City of New York,* Case No. 14-CV-9220-PGG (S.D.N.Y.), Dkt. 150; *Lawtone-Bowles v. City of New York,* Case No. 1:16-cv-04240 (S.D.N.Y.), Dkt. 126; *Worley, et al., v. The City of New York,* Dkt. No. 204, 1:17-cv-04337-LGS.

32.     For example, during the last three years, Plaintiffs Pouncy and Dorsaint and Clarke have earned night shift differentials while working as UPRs, AUPRs, and/or APSWs during weeks in which they worked over 40 hours and earned overtime compensation and they also worked shifts (including pre-approved overtime shifts) which covered time between 6:00 pm and 6:00 am. However, on these occasions, Defendant did not include these payments in the calculation of their overtime rate during those workweeks.

33.     While working as an APSW during the last three years, Plaintiff Clarke was required to drive a heavy duty motorized DPR vehicle in performing his job duties during some of his shifts and, as such, earned a vehicle differential. In those same workweeks, he performed pre-approved overtime work as well as uncompensated overtime work. However, Defendant failed to

include the vehicle differentials in Plaintiff Clarke's regular rate of pay upon which his overtime rate is based during weeks in which he also earned overtime compensation.

34.     All UPRs, AUPRs, and APSWs employed by Defendant who receive these payments pursuant to Agency-wide policy and/or collective bargaining agreement are similarly situated and routinely work more than 40 hours in a workweek, but are denied proper compensation for hours worked in excess of 40 because Defendant continues to fail to include these payments in the regular rate of pay upon which the Plaintiffs' overtime rate is based. The precise amount of improperly paid overtime received by each UPR, AUPR and APSW Plaintiff can be identified through the Defendant's timekeeping system and through other work and pay records.

### *Late Payment of Overtime Worked*

35.     In those instances in which Defendant has compensated Plaintiffs and those similarly situated for working hours in excess of 40 hours a week, Defendant is required to "approve" requests for overtime compensation prior to paying Plaintiffs for that time. Due to delays in "approval" of overtime compensation by Defendant and its managers, or for other reasons that are unrelated to Defendant's ability to determine the amount of overtime compensation that is owed to the Plaintiffs, Defendant routinely pays Plaintiffs for their overtime work more than one pay period after the date that Plaintiffs have been paid for their non-overtime work hours for that week (i.e., more than two pay periods after the overtime was worked).

36.     Defendant has violated the basic principles of the FLSA by delaying Plaintiffs' overtime payments for working in excess of 40 hours a workweek by weeks, and in some cases months, with such delay not being reasonably necessary to compute Plaintiffs' overtime pay. The FLSA mandates that overtime compensation be paid on the regular payday for the period in which such workweek ends.

37.     For example, while working as UPRs, AUPRs, and/or APSWs during the last three years, Plaintiffs including Pouncy, Dorsaint, and Clarke worked pre-approved overtime hours for which they were not promptly compensated in a timely fashion. Specifically, through no fault of the Plaintiffs, Defendant did not pay Plaintiffs for this overtime until at least 30 days after the overtime was worked.

38.     All UPRs, AUPRs, and APSWs employed by Defendant are similarly situated and routinely work more than 40 hours in a workweek, but are routinely compensated for pre-approved overtime work in an untimely manner (i.e., more than two pay periods after the overtime was worked). The precise amount of untimely paid overtime received by each UPR, AUPR, and APSW Plaintiff can be identified through the Defendant's timekeeping system and through other work and pay records.

### COUNT I

**FAILURE TO PAY OVERTIME FOR ALL HOURS PLAINTIFFS ARE
SUFFERED OR PERMITTED TO WORK IN VIOLATION OF
SECTION 7(a) OF THE FLSA, 29 U.S.C. § 207(a)**

39.     Plaintiffs hereby incorporate by reference paragraphs 1 through 38 in their entirety and restate them herein.

40.     At all times material herein, during those workweeks in which Plaintiffs have worked hours in excess of 40 hours a week, they have performed work activities outside of and in addition to their scheduled work shifts, including but not limited to when they are performing tasks enumerated in Paragraphs 10, 11, and 24 without compensation and all of this time is recorded on Defendant's timekeeping system CityTime. Plaintiffs also have performed work, including but not limited to the tasks enumerated in Paragraphs 24 and 25, during their unpaid meal periods. This

work performed outside of plaintiffs scheduled work shifts and during their uncompensated meal periods, has caused Plaintiffs to work in excess of 40 hours in a given week. Accordingly, as a result of these pay practices, Defendant has failed to provide Plaintiffs with the rights and protections provided under section 7(a) of the FLSA, 29 U.S.C. § 207(a).

41.    Section 207 of the FLSA requires the payment of overtime compensation to employees who work in excess of the hourly standards set forth therein. In particular, Section 207(a) requires the payment of overtime compensation at the rate of one and one-half times each employee's regular rate of pay for all hours employees are suffered or permitted to work in excess of 40 hours per week. Defendant has failed to comply with the overtime pay requirements of the FLSA by failing to compensate Plaintiffs and all others similarly situated for work that they have been suffered or permitted to work outside of and in addition to their scheduled shifts and during their uncompensated meal periods.

42.    As a result of Defendant's willful and purposeful violations of the FLSA, there have become due and owing to the Plaintiffs and all others similarly situated an amount that has not yet been precisely determined. The employment and work records for Plaintiffs are in the exclusive possession, custody and control of the Defendant and its public agencies, and Plaintiffs are unable to state at this time the exact amount owing to them, but from these records, Plaintiffs will be able to ascertain the precise extent of these violations of the FLSA.

43.    Defendant is under a duty imposed by the FLSA, 29 U.S.C. § 211(c), and various other statutory and regulatory provisions, to maintain and preserve payroll and other employment records with respect to Plaintiffs from which the amount of Defendant's liability can be ascertained.

44.     Pursuant to 29 U.S.C. § 216(b), Plaintiffs and all others similarly situated are entitled to recover liquidated damages in an amount equal to their backpay damages for the Defendant's failure to pay overtime compensation as alleged herein.

45.     Plaintiffs and all others similarly situated are entitled to recover attorneys' fees and costs under 29 U.S.C. § 216(b).

## COUNT II

### FAILURE TO PROPERLY CALCULATE THE REGULAR RATE OF PAY FOR PLAINTIFFS IN VIOLATION OF SECTION 7 OF THE FLSA

46.     Plaintiffs hereby incorporate by reference Paragraphs 1 through 45 in their entirety and restate them herein.

47.     Section 207(a) of the FLSA, 29 U.S.C. § 207(a), as well as the regulations of the U.S. Department of Labor, 29 CFR Part 778, *et seq.*, require that all forms of remuneration be included in the rate at which FLSA overtime is paid, with some limited exceptions. Defendant has failed to include certain premium payments such as night shift differential pay in Plaintiffs' regular rates of pay for purposes of computing overtime pay entitlements of Plaintiffs and of all others similarly situated, resulting in Defendant paying Plaintiffs for overtime work at a rate that is below the rate mandated by the FLSA. Defendant's failure to include night shift differential pay and other forms of additional compensation in Plaintiffs' regular rates of pay violates section 7(a) of the FLSA. 29 U.S.C. § 207(a); 29 C.F.R. § 778.207(b).

48.     As a result of the Defendant's systemic, continuing, willful, and purposeful violations of the FLSA, there have become due and owing to Plaintiffs and all others similarly situated an amount that has not yet been precisely determined. The employment and work records for Plaintiffs and all others similarly situated reflecting such ongoing violations are in the exclusive possession, custody and control of Defendant and its public agencies, and Plaintiffs are unable to

state at this time the exact amount owing to them, but from these records, Plaintiffs will be able to ascertain the precise extent of these violations of the FLSA. Defendant is under a duty imposed under the FLSA, 29 U.S.C. § 211(c), and various other statutory and regulatory provisions to maintain and preserve payroll and other employment records with respect to Plaintiffs from which the amount of Defendant's liability can be ascertained.

49.    Pursuant to 29 U.S.C. § 216(b), Plaintiffs and all others similarly situated are entitled to recover liquidated damages in an amount equal to their backpay damages for the Defendant's failure to pay proper overtime compensation.

50.    Plaintiffs and all others similarly situated are entitled to recover attorneys' fees and costs under 29 U.S.C. § 216(b).

## COUNT III

**FAILURE TO PAY FLSA OVERTIME IN A TIMELY MANNER BY PAYING FOR OVERTIME WEEKS OR MONTHS AFTER THE OVERTIME WAS WORKED**

51.    Plaintiffs hereby incorporate by reference Paragraphs 1 through 50 in their entirety and restate them herein.

52.    The FLSA mandates that overtime compensation be paid on the regular payday for the period in which such workweek ends. Overtime payments under the FLSA may not be delayed except as reasonably necessary to compute the amount owned, and in no event shall such payments be delayed beyond the next payday after such computation can be made. 29 C.F.R. § 778.106. Defendant has violated these basic principles by delaying Plaintiffs' overtime payments for working in excess of 40 hours a week by weeks and in some cases months, with such delay not

being reasonably necessary to compute Plaintiffs' overtime pay, but rather because of a failure by management personnel to approve overtime payments or due to management withholding such payments until the next budgetary quarter.

53.     As this court recently recognized in *Accosta, et al. v. Lorelei Events Grp. Inc., et al.*, No. 7:17-cv-07804-NSR (S.D.N.Y. Jan. 21, 2022), "while 'the Second Circuit has no bright line rule for determining what qualifies as an 'unreasonable' amount of time for an employer to delay paying its employees,' several courts have held that it is a violation of the FLSA to withhold employees overtime such that 'two weeks is an unreasonable amount of time for an employer to delay a paycheck.'" (quoting *Coley v. Vannguard Urban Improvement Ass'n, Inc.,* No. 12-CV-5565 (PKC), 2018 U.S. Dist. LEXIS 50787 (E.D.N.Y. Mar. 29, 2018)). Here, Defendant's failure to pay Plaintiffs FLSA overtime pay in a timely manner and their withholding of such overtime payments violates section 7(a) of the FLSA. 29 U.S.C. § 207(a); 29 C.F.R. § 778.106.

54.     As a result of the Defendant's systemic, continuing, willful, and purposeful violations of the FLSA, there have become due and owing to the Plaintiffs an amount that has not yet been precisely determined. The employment and payroll records for the Plaintiffs are in the exclusive possession, custody and control of Defendant and their public agencies, and Plaintiffs are unable to state at this time the exact amount owing to them, but from these records, Plaintiffs will be able to ascertain the precise extent of these violations of the FLSA. Defendant is under a duty imposed under the FLSA, 29 U.S.C. § 211(c), and various other statutory and regulatory provisions to maintain and preserve payroll and other employment records with respect to Plaintiffs and other employees similarly situated from which the amount of Defendant's liability can be ascertained.

55.    Pursuant to 29 U.S.C. § 216(b), Plaintiffs and all others similarly situated are entitled to recover liquidated damages in an amount equal to their backpay damages for the Defendant's failure to pay overtime compensation as alleged herein.

56.    Plaintiffs and all others similarly situated are entitled to recover attorneys' fees and costs under 29 U.S.C. § 216(b).

## DEMAND FOR A JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs hereby demand that their claims be tried before a jury.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs pray that this Court:

(a) Order a complete and accurate accounting of all the compensation to which the Plaintiffs are entitled;

(b) Award Plaintiffs and those similarly situated monetary liquidated damages equal to their unpaid compensation;

(c) Award Plaintiffs and those similarly situated interest on their unpaid compensation;

(d) Award Plaintiffs and those similarly situated their reasonable attorneys' fees to be paid by the Defendant, and the costs and disbursements of this action; and

(e) Grant such other relief as may be just and proper.


DATE: March 14, 2023                    Respectfully submitted,

                                        */s/ Gregory K. McGillivary*
                                        Gregory K. McGillivary
                                        Diana J. Nobile
                                        Sarah M. Block
                                        Sophia Serrao
                                        McGILLIVARY STEELE ELKIN LLP
                                        1101 Vermont Ave., N.W.

Suite 1000
Washington, DC 20005
Phone: (202) 833-8855
gkm@mselaborlaw.com
djn@mselaborlaw.com
smb@mselaborlaw.com
ss@mselaborlaw.com

*/s/ Hope Pordy*
Hope Pordy
Elizabeth Sprotzer
Eliza Schultz
SPIVAK LIPTON, LLP
1040 Avenue of the Americas 20th Floor
New York, NY 10018
Phone: (212) 765-2100
hpordy@spivaklipton.com
esprotzer@spivaklipton.com
eschultz@spivaklipton.com

*Counsel for Plaintiffs*